IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : : : : : : | CRIMINAL ACTION NO. 1:04-CR-107-RWS |
| v. | : : : |  |
| RENATO NUNEZ DE CACERES DE LA GARZA | : : |  |

## ORDER

Now before the Court is Defendant's Motion for Certificate of Appealability [83].  After considering the entire record, the Court enters the following Order.

### Background

On February 24, 2004, the grand jury returned an indictment charging Defendant with (1) conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii), 846, and (2), intentionally possessing with intent to distribute methamphetamine in violation of

21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii).  Following a number of meetings between Defendant, his attorney, Mr. Dwight Thomas, and Mr. Thomas's staff, Defendant entered into a written, negotiated guilty plea agreement.  Under the terms of that agreement, Defendant expressly waived any right to appeal or collaterally attack his sentence.  Defendant's waiver was made subject to two exceptions.  Specifically, Defendant could appeal or collaterally attack his sentence only if either the Court upwardly departed from the Sentencing Guidelines or the Government filed an appeal as to the sentence imposed.  It is undisputed that Defendant's claims do not fall within the exceptions to the sentence-appeal waiver.

On September 20, 2004, Defendant entered a plea of guilty with this Court.  During the plea proceedings, the Court thoroughly discussed the plea agreement and its sentence-appeal waiver with Defendant during the Rule 11 colloquy.  After finding that the plea was "voluntarily made with full knowledge of the charge and the consequences of his plea," the Court accepted Defendant's guilty plea.  On November 23, 2004, Defendant was sentenced to a term of 135 months imprisonment.

On May 10, 2005, Defendant filed a Motion for Out-of-time Appeal

which by Order of this Court was recharacterized as a Motion for Habeas Corpus Relief pursuant to 28 U.S.C. § 2255 [66]. In that recharacterized motion, Defendant contended that he was denied effective assistance of counsel because his attorney "failed to file the requisite notice of appeal on behalf of Defendant despite having been notified by Defendant of his desire to appeal[.]" (Def.'s Mot. for Out-of-Time Appeal [65] at 1.) On October 11, 2005, the Court held an evidentiary hearing to determine whether Defendant should be permitted to file an out-of-time appeal. During this hearing, the Court heard testimony from both Defendant and his attorney, Mr. Thomas. Defendant testified that he requested that Mr. Thomas file a notice of appeal; Mr. Thomas adamantly denied that Defendant ever made such a request. Weighing the credibility of both individuals, the Court found that Defendant did not request that his attorney file an appeal and concluded that Defendant was not entitled to relief.

The Court's decision to deny relief was premised on two grounds. First, the Court concluded that Defendant's plea agreement and its sentence-appeal waiver was valid and enforceable under United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Because it was undisputed that neither of the

3

contingencies outlined in the limited sentence-appeal waiver occurred, the Court concluded that under Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005), the sentence-appeal waiver precluded Defendant from attempting to attack the sentence in a collateral proceeding through a claim of ineffective assistance of counsel during sentencing.  (Order of Oct. 28, 2005 [77] at 12-13.)

Second, the Court addressed Defendant's contention that he was entitled to relief under Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).  In that case, the Supreme Court established a three-step analytical framework to be applied in assessing ineffective assistance of counsel claims predicated upon counsel's failure to file a notice of appeal on the defendant's behalf. Under Flores-Ortega, courts first must establish whether a defendant requested that his attorney file a notice of appeal.  If such a request was made and disregarded, then counsel acted in a manner that is per se professionally unreasonable. Id. at 477.  If, however, the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, courts must then determine whether counsel "consulted" with the defendant about an appeal.  In this context, the term "consult" means  "advising the defendant about the advantages and disadvantages of taking an appeal, and making a

4

reasonable effort to discover the defendant's wishes." Id. at 488. "If counsel has consulted with the defendant . . . then [c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. If, however, counsel fails to consult with the defendant, then "the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." Id. In this final category of cases, the Court "reject[ed] a bright-line rule that counsel must always consult with the defendant regarding an appeal." Id. at 480. Rather, the Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id.

Applying the Flores-Ortega analytical framework, the Court concluded that Defendant was not entitled to relief. First, in light of the fact that the Court found that Defendant did not request that an appeal be filed, counsel's failure to file an appeal was not per se deficient. (See Order of Oct. 28, 2005 [77] at 13-

5

14.) Second, the Court addressed his attorney's failure to consult with him about an appeal and concluded that counsel acted reasonably under the facts and circumstances of this case. Specifically, the Court stated:

> Mr. Thomas, had no constitutionally imposed duty to consult with Defendant about an appeal. In light of the clear and unambiguous sentence-appeal waiver, the thorough questioning by the Court, and Defendant's unqualified acknowledgment of, and assent to, the terms of the sentence-appeal waiver during the Rule 11 colloquy, there was no reason to think either that Defendant would want to appeal or that there were viable grounds for such an appeal.

Defendant now urges this Court to issue a certificate of appealability on the following issues: (1) whether Mr. Thomas acted deficiently in failing to consult with Defendant about his desire or the advisability of filing an appeal of his sentence; and (2) whether under Federal Rule of Criminal Procedure 32(j)(1)(C) it is incumbent upon a district court to advise a defendant that a notice of appeal may be filed on his behalf by the Clerk of the Court should he not be able to retain the services of an attorney. (Mot. for Cert. of Appealability [83] at 5.)

**A. Standard for Issuance of a Certificate of Appealability**

Under 28 U.S.C. § 2253(c), an appeal may not be taken from a final order in a § 2255 proceeding unless a certificate of appealability is issued. "A

certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

The certificate of appealability requirement is a threshold issue and a determination of whether one should issue neither requires nor permits full consideration of the factual and legal merits of the claims. Gonzalez v. Sec. for Dept. of Corr., 366 F.3d 1253, 1267 (11th Cir. 2004). "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." Id. (quoting Miller-El v. Cockrell, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003)). Thus, a petitioner is not required to demonstrate entitlement to appellate relief in order to be given an opportunity to pursue it. Id. That said, the certificate of appealability requirement must be

7

applied with its purpose in mind, which is to separate out those appeals that deserve more careful attention from the ones that do not.  Id  "More than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle."  Id.

**B. Counsel's failure to consult Defendant about appeal**

Defendant contends that a certificate of appealability should issue in this case as to "whether Defendant was denied effective assistance of counsel when his trial counsel failed to timely file a notice of appeal."  (Mot. for Cert. of Appealability [83] at 5.)  In this regard, Court will address two issues: (1) whether Defendant is entitled to relief in light of the Eleventh Circuit's decision in United States v. Gomez-Diaz, ___ F.3d ___, 2005 WL 3465538 (11th Cir. Dec. 20, 2005); and (2) whether Defendant has made a substantial showing that his constitutional rights have been violated under Flores-Ortega.

    1.  Reconsideration in light of Gomez-Diaz

Defendant contends that the Court's Order of October 28, 2005 denying Defendant relief should be revisited in light of the Eleventh Circuit's decision in United States v. Gomez-Diaz, ___ F.3d ___, 2005 WL 3465538 (11th Cir. Dec. 20, 2005).  In that case, the petitioner filed a pro se § 2255 motion claiming that

8

he was denied the effective assistance of counsel because his lawyer failed to file a notice of appeal despite his express request to do so. Id. at 3. The district court dismissed the motion without first holding an evidentiary hearing on the grounds that the petitioner failed to identify any grounds for appeal that fell within the exceptions to a limited sentence-appeal waiver executed by the petitioner. Id. The Eleventh Circuit reversed the district court's dismissal, holding that the general rule that an attorney who disregards instructions from his client to appeal acts in manner that is per se professionally unreasonable applies with equal force where a defendant has waived some, but not all, of his appeal rights. Id. at 2, 9-12. Therefore, the Eleventh Circuit panel remanded the case and instructed the district court to determine (1) whether the defendant's statements with respect to his desire to appeal were sufficient to trigger the per se duty to appeal under Flores-Ortega; and (2) whether the defendant's counsel fulfilled his constitutional duty to consult with his client and make a reasonable effort to determine his wishes. Id. at 9.

Insofar as the Court relied solely on the valid sentence-appeal waiver and the Eleventh Circuit's decision in Williams as a ground for denying Defendant relief, the Court agrees that Gomez-Diaz appears to require the Court to assess

9

whether counsel's conduct was deficient under Flores-Ortega irrespective of whether a limited appeal waiver was executed by Defendant. Thus, where a defendant claiming ineffective assistance based on his attorney's failure to file a notice of appeal has waived most, but not all, of his appellate rights, it is incumbent upon the Court to determine whether the defendant requested an appeal, and if so, whether those instructions were carried out; whether counsel consulted with the defendant about an appeal; and in the absence of such consultation, whether the failure to do so was constitutionally deficient.

But, nothing in Gomez-Diaz requires the Court to grant relief here. Indeed, the Court has proceeded from the outset in a manner that is entirely consistent with that case. As discussed above, the Court of Appeals in Gomez-Diaz remanded the case and instructed the district court to determine first, whether the defendant made an express request with respect to an appeal so as to trigger the per se duty to comply with the client's instructions; and second, whether the defendant's attorney fulfilled his constitutional duty to consult with his client and make a reasonable effort to determine his wishes. Id. at 9. Unlike the district court in Gomez-Diaz, however, this Court has already held an evidentiary hearing to determine whether Defendant, in fact, requested an appeal

10

and concluded that he did not. Moreover, unlike the district court in <u>Gomez-Diaz</u>, this Court has already assessed whether Defendant was entitled to relief under <u>Flores-Ortega</u> and concluded he was not. Therefore, the Court has already evaluated Defendant's claims in light of <u>Flores-Ortega</u>, just as the Court of Appeals required the district court to do on remand in <u>Gomez-Diaz</u>. As such, the Court fails to see how anything in <u>Gomez-Diaz</u> requires a different result in this case.

  2. Relief under Flores-Ortega

As noted above, this Court has already addressed Defendant's contention that he is entitled to relief under the Supreme Court's decision in <u>Flores-Ortega</u>. The Court now addresses whether, in view of that decision, Defendant has made a substantial showing of the denial of a constitutional right. In <u>Flores-Ortega</u>, the Supreme Court declined to adopt a bright-line rule that every attorney that fails to consult with his client about an appeal has performed in a deficient manner. As the Court noted, such a rule would be "inconsistent with both [its] decision in <u>Strickland</u> and common sense." <u>Flores-Ortega</u>, 528 U.S. at 479. In refusing to adopt a <u>per se</u> rule, the Supreme Court provided a hypothetical example which this Court quoted in its October 28, 2005 Order

11

—
—

denying relief and which the Court believes provides significant insight into the proper resolution of the instant Motion. The Supreme Court stated:

> [S]uppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is "professionally unreasonable," as a constitutional matter, in not consulting with such a defendant regarding an appeal.

Id. at 479-80.

In this case, it is clear from the record that Defendant discussed the merits of his case with counsel on numerous occasions. (See Evid. Hrg. Tr. [76] at 54.) After investigating his case, counsel concluded that in light of the overwhelming evidence of guilt, the fact that Defendant had been far from forthcoming in his discussions with counsel, the Government's agreement both not to oppose the safety valve and not to seek an enhancement for role, and the possibility of receiving more lenient treatment at sentencing, a negotiated plea was in his best interest and so advised Defendant. (See id. at 30-33, 54.) Based on that advice, Defendant entered into a negotiated plea agreement under which

12

he agreed to plead guilty to Count Two of the indictment. (See id. at 54.) The Court calculated Defendant's offense level at 33 and imposed a sentence of 135 months imprisonment. (See Sentencing Proc. Tr. [70] at 6.) This sentence was at the bottom of the guideline range (see id.) and was less than counsel expected Defendant to receive. (See Evid. Hrg. Tr. at 42-43.) The Court clearly and unambiguously advised Defendant of his appeal rights (see Sentencing Proc. Tr. [70] at 10) and, as found by the Court, Defendant did not make any request of counsel with respect to an appeal. (See Order of Oct. 28, 2005 [77] at 13-14.) Finally, in light of the limited waiver of appeal rights contained in Defendant's plea agreement, as well as the undisputed fact that neither of the narrow exceptions contained in that waiver were applicable to Defendant's case, counsel quite reasonably did not believe that there were any nonfrivolous grounds for appeal. (See Evid. Hrg. Tr. [76] at 44.)

Because the facts of this case are virtually indistinguishable from the Supreme Court's hypothetical in Flores-Ortega, this Court concludes, just as the Supreme Court did, that it would be difficult to say, as a constitutional matter, that counsel's failure to consult with Defendant regarding an appeal was professionally unreasonable. Flores-Ortega, 528 U.S. at 479-80. The Court is

13

cognizant that, at this stage of the proceedings, its task is not to ultimately resolve this issue, Gonzalez, 366 F.3d at 1267, but rather, to determine only whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotations omitted).  But, as the Eleventh Circuit has emphasized, the "certificate of appealability requirement is not a toothless one," and this Court is bound to apply it so as to winnow the issues to be raised on appeal to only those which are truly deserving of further attention.  Gonzalez, 366 F.3d at 1267.  On the facts of this case, and in view of the Supreme Court's statements in Flores-Ortega, the Court cannot conclude that Defendant has made a substantial showing of the denial of a constitutional right.  As such, the Court declines to issue a certificate of appealability on this issue.

**C.  Failure to advise Defendant under Rule 32(j)(1)(C)**

Defendant contends that the a certificate of appealability should issue as to whether under Federal Rule of Criminal Procedure 32(j)(1)(C), it is incumbent on the Court to advise Defendant that a notice of appeal may be filed on his behalf by the Clerk of Court should he be unable to retain the services of an

14

attorney.  Rule 32(j)(1) provides:

> (A) Appealing a Conviction. If the defendant pleaded not guilty and was convicted, after sentencing the court must advise the defendant of the right to appeal the conviction.
> (B) Appealing a Sentence. After sentencing--regardless of the defendant's plea--the court must advise the defendant of any right to appeal the sentence.
> (C) Appeal Costs. The court must advise a defendant who is unable to pay appeal costs of the right to ask for permission to appeal in forma pauperis.

From the record of the sentencing proceedings, it appears that Defendant did not receive the instruction set forth in Rule 32(j)(1)(C).  Thus, the Court must consider whether Defendant has made a substantial showing that this failure resulted in the denial of a constitutional right.

Assuming that, despite the facial limitation of Rule 32(j)(1)(C) to those "defendant[s] who [are] unable to pay," Rule 32 actually requires the Court to advise *all* defendants that they may apply for permission to prosecute their appeal *in forma pauperis*, a violation of Rule 32 does not entitle a defendant to collateral relief in all circumstances.  Rather, the Supreme Court has clearly stated that "a court's failure to give a defendant advice required by the Federal Rules is a sufficient basis for collateral relief only when the defendant is prejudiced by the court's error."  Peguero v. United States, 526 U.S. 23, 27,

15

119 S. Ct. 961, 143 L. Ed. 2d. 18 (1999).  In this case, Defendant has not alleged that the failure to file a timely notice of appeal was in any way due to the Court's failure to advise him under Rule 32(j)(1)(C) of his right to apply for permission to proceed *in forma pauperis.*  To the contrary, Defendant has consistently maintained that he was aware of his right to appeal and, in fact, requested that his retained counsel file a notice of appeal on his behalf.  Although the Court has not credited the latter of these contentions, there is simply no evidence that Defendant was either unaware of his right to appeal or that he would have appealed had he been instructed that he may do so *in forma pauperis.*  Therefore, it is difficult for the Court to see precisely how Defendant suffered any prejudice as a result of not receiving the instruction.  As such, Defendant has failed to make a showing sufficient to warrant the issuance of a certificate of appealability on this issue.

## Conclusion

In light of the foregoing, Defendant's Motion for Certificate of Appealability [83] is hereby **DENIED**.

16

**SO ORDERED** this  13th  day of January, 2006.

>   /s/ Richard W. Story  
> RICHARD W. STORY  
> UNITED STATES DISTRICT JUDGE